**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 06-396-JBC**

**PLEAS LUCIAN KAVANAUGH,**                                                                              **PLAINTIFF,**

**V.**                                     **MEMORANDUM OPINION AND ORDER**

**LEXINGTON FAYETTE URBAN
COUNTY GOVERNMENT, ET AL.,**                                                       **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on the defendants' motion to dismiss.  DE 21.
The plaintiff, Pleas Lucian Kavanaugh, did not respond to the motion.  The court,
having reviewed the record and being otherwise sufficiently advised, will deny the
motion.

The plaintiff filed this action in Fayette Circuit Court on October 31, 2006,
and it was subsequently removed by the defendants to this court on December 1,
2006.  DE 1.  Mr. Kavanaugh was represented by counsel until February 5, 2008,
when his attorney's motion to withdraw was granted.  DE 15.  The court ordered
that new counsel for the plaintiff must file a notice of appearance no later than
thirty days from the date of entry of its February 4, 2008 order.  DE 15.  Mr.
Kavanaugh failed to obtain new counsel, and the court scheduled a telephonic
status conference for April 10, 2008.  DE 16.  At the telephonic conference, the
plaintiff moved for an extension of time to obtain counsel, and the court granted
the motion and ordered new counsel for Mr. Kavanaugh to file a notice of

appearance by May 9, 2008.  DE 17.  The court also ordered that no further extensions would be granted.  DE 17.

No attorney has filed an appearance to represent the plaintiff since Mr. Kavanaugh's first attorney withdrew from the case.  The court scheduled a telephonic status conference on May 29, 2008, but the plaintiff failed to appear.  DE 19.  Then, the court attempted to hold a status conference at the courthouse on June 13, 2008, and again, Mr. Kavanaugh did not appear.  DE 20.  On June 19, 2008, the defendants moved to dismiss the plaintiff's claims because Mr. Kavanaugh has failed to follow the orders of the court.  DE 21.  The clerk attempted to mail documents to Mr. Kavanaugh, but those documents were returned twice as undeliverable.  DE 22 and 23.  After the plaintiff failed to respond to the defendants' motion to dismiss, the court ordered that its order, DE 24, the minutes from the status conference, DE 23, and a copy of the defendants' motion, DE 21, be mailed to the plaintiff's new address, which was listed on the envelope returned to the clerk's office on July 21, 2008, DE 23.  DE 24.  The plaintiff was given fifteen days from receipt of the order, DE 23, to respond to the defendants' motion, DE 24, but, to this date, Mr. Kavanaugh has not filed a response.

The defendants argue that Mr. Kavanaugh's claims should be dismissed because he failed to follow the court's orders.  The Sixth Circuit recognizes three sources of authority that permit district courts to use dismissal of an action as a sanction. *Bowles v. City of Cleveland*, 129 Fed. Appx. 239, 241 (6th Cir.  2005)

2

(citing *Coleman v. American Red Cross*, 23 F.3d 1091 (6th Cir. 1994)).  Regardless of whether district courts rely on FED. R. CIV. P. 16(f), FED. R. CIV. P. 41(b), or their inherent power, the analysis remains the same.  *Id.*  "[T]he key is a failure to prosecute, whether styled as a failure to appear at a pretrial conference, failure to file a pretrial statement, failure to prepare for the conference, or failure to comply with the pretrial order."  *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (quoting *J.F. Edwards Constr. Co. v. Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318, 1323 (7th Cir. 1976)).

Courts must consider four factors when deciding whether to dismiss a case for failure to prosecute.  *Bowles*, 129 Fed. Appx. at 242.  These include: (a) whether the party's failure is due to willfulness, bad faith, or fault; (b) whether the adversary was prejudiced by the dismissed party's conduct; (c) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (d) whether less drastic sanctions were imposed or considered before dismissal of the action.  *Id.*  The defendants assert that they are entitled to a resolution of this matter and are prejudiced by having to wait to see if the plaintiff intends to pursue his claims.  The court agrees.  It has been over two years since Mr. Kavanaugh filed this action, and he has not appeared before the court or filed any documents with it in more than seven months.  However, the Sixth Circuit has "frequently reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on

3

notice that further noncompliance would result in dismissal." *Vinci v. Consolidated Rail Corporation*, 927 F.2d 287, 288 (6th Cir. 1991) (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)).  Because the court has not previously warned Mr. Kavanaugh that failure to appear could lead to dismissal of his case, the court will deny the motion to dismiss at this time.

This order shall serve as a warning to Mr. Kavanaugh that if he fails to appear at the pretrial conference scheduled for December 12, 2008, the court will dismiss his claims with prejudice.  Even if Mr. Kavanaugh has chosen to pursue his claims as a *pro se* plaintiff, he must comply with the court's orders and deadlines.

Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss, DE 21, is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall comply with the court's scheduling order, DE 12, and appear before the court for the pretrial conference on December 12, 2008, at 9:00 a.m. in the United States Courthouse, 101 Barr Street, Lexington, Kentucky.

**IT IS FURTHER ORDERED** that if the plaintiff fails to appear at the pretrial conference, his action will be dismissed with prejudice.

Signed on  December 3, 2008



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY