UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 06-396-JBC

PLEAS LUCIAN KAVANAUGH,                                                                    PLAINTIFF,

V.                     MEMORANDUM OPINION AND ORDER

LEXINGTON FAYETTE URBAN
COUNTY GOVERNMENT, ET AL.,                               DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion to reconsider (R. 45) the order (R. 43) entered on April 16, 2009, in which the court dismissed the action because of the plaintiff's consistent failure to follow the court's orders. The court will deny the motion because the plaintiff has not raised any ground which requires reconsideration of the matter.

The Sixth Circuit utilizes a four-factor analysis to determine whether a case should be dismissed for failure to prosecute, which includes the failure to attend a status conference. *Bowles v. City of Cleveland, Ohio*, 129 Fed. App'x 239, 242 (6th Cir. 2005). Dismissal is appropriate when (1) the party's failure is due to "willfulness, bad faith or fault," (2) the "adversary was prejudiced by the dismissed party's conduct," (3) the "dismissed party was warned that failure to cooperate could lead to dismissal," and (4) "less drastic sanctions were imposed or considered before dismissal of the action." *Id.* Because all four factors are satisfied, the dismissal was proper, and the motion to reconsider must be denied.

The plaintiff's failure to follow orders of the court and attend court proceedings constitutes "extreme neglect or fault." *Id.* During the course of this case, the plaintiff missed numerous telephonic and in-court status conferences. Although he argues that he had no actual knowledge of the in-court status conferences scheduled for April 9, 2009, and April 16, 2009, the plaintiff admits that he had constructive notice of them. At the direction of the court, the clerk mailed copies of the court's order rescheduling the status conference to all known addresses of the plaintiff. The clerk sent one copy to a post-office box that the plaintiff provided to the court because his other addresses were unreliable. The plaintiff does not argue that the post office failed to deliver the order. Instead, he states that the post-office box "is not checked regularly." R. 45-2, at 2. The plaintiff's failure to check his post-office box for court orders is far from a sufficient reason to merit reconsideration of the court's dismissal of this action. The plaintiff had a duty to ensure that the court had his proper mailing address and to check his post-office box regularly. In addition to mailing copies of the order to the plaintiff, the clerk called the telephone number that the plaintiff provided and left a voicemail message informing him of the status conference. The court exhausted all efforts to contact the plaintiff; yet he still failed to appear. While the plaintiff may not have willfully disobeyed the court or acted in bad faith, he is certainly at fault.

The plaintiff's conduct also caused prejudice to the defendant. "The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants

2

'waste[d] time, money and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008) (citing *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). This action was removed to this court on December 1, 2006, over two-and-a-half years ago. Counsel for the defendants has attended numerous telephonic and in-court status conferences that had to be cancelled because the plaintiff failed to appear. Thus, the plaintiff's failure to attend court proceedings has prejudiced the defendants by wasting their time, money, and effort.

Regarding the third factor, the plaintiff had sufficient warning that his case could be dismissed if he failed to appear at court proceedings. In its memorandum opinion and order entered on December 3, 2008, the court stated,

> This order shall serve as a warning to Mr. Kavanaugh that *if he fails to appear* at the pretrial conference scheduled for December 12, 2008, *the court will dismiss his claims with prejudice*. Even if Mr. Kavanaugh has chosen to pursue his claims as a pro se plaintiff, he must comply with the court's orders and deadlines.

R. 25, at 4 (emphasis added). The plaintiff complied with the court's order and attended that show-cause hearing. However, approximately three months later, the plaintiff failed to appear at a telephonic status conference. The conference was rescheduled, and the plaintiff again failed to appear. The court then ordered an in-court status conference and, in its order scheduling the in-court conference, warned the plaintiff that "failure to appear . . . may be grounds for dismissal of this action."

3

R. 39. The court, after waiting thirty minutes, was forced to cancel that conference because the plaintiff did not appear. Instead of dismissing the action, the court issued a show-cause order that required the plaintiff to "appear and show cause why this action should not be dismissed." R. 40. Because the court warned the plaintiff several times that his failure to appear at court proceedings could result in the dismissal of his action, the third factor is satisfied.

The last factor requires the court to consider or impose lesser sanctions before dismissing an action. However, a court's failure to articulate lesser sanctions "is not necessarily fatal," and such a failure does not mean that lesser sanctions were not considered. *Schafer*, 529 F.3d at 738. Here, the court denied the defendants' first motion to dismiss and chose to give the plaintiff yet another chance to show up. After the plaintiff failed to appear for two telephonic status conferences, an in-court status conference, and a show-cause hearing, the court dismissed the action. While the plaintiff argues that the court should have considered or imposed a lesser sanction before dismissing the action, he does not identify any lesser sanctions that would be appropriate in this matter. The plaintiff's financial status would likely render a fine or an award of attorney's fees ineffective. Instead of suggesting an alternative sanction, the plaintiff simply argued that the court should have verified the plaintiff's actual knowledge of the status hearing before dismissing the action. This argument is irrelevant to the issue of whether the court considered a lesser sanction. Moreover, the court did choose

– several times – the option of a continuance instead of dismissal.  Therefore, the court satisfied the last factor since no remaining, reasonable alternative sanction was available to it.  Because the court's order dismissing the plaintiff's action satisfies all four factors of the *Bowles* analysis, **IT IS ORDERED** that the plaintiff's motion to reconsider (R. 45) is **DENIED.**

Signed on  November 10, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY